Deborah C. Prosser (SBN 109856)
Stephanie A. Hingle (SBN 199396)
KUTAK ROCK LLP
515 South Figueroa Street
Suite 1240
Los Angeles, CA 90071-3329
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
Email: Deborah.Prosser@KutakRock.com
Email: Stephanie.Hingle@KutakRock.com

Attorneys for Defendants
GE HEALTHCARE INC. and GENERAL
ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| LORRAINE ELLEN JOHNSON and ROBERT GARY STONDELL, individually, and as Successors in Interest to the Estate of DORIS LORRAINE STONDELL, Deceased<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; BAYER SCHERING PHARMA AG; GENERAL ELECTRIC COMPANY; GE HEALTHCARE AS; GE HEALTHCARE, Inc.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORPORATION; and DOES 1 through 35<br><br>Defendants. | Case No. 3:08-cv-03441 MEJ<br><br>**DEFENDANTS GE HEALTHCARE INC. AND GENERAL ELECTRIC COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**[Jury Trial Demanded]**<br><br>(San Francisco County Superior Court, Case No. CGC08476085) |

Defendants GENERAL ELECTRIC COMPANY and GE HEALTHCARE INC. (incorrectly sued as GE Healthcare, Inc.) ("Defendants") respectfully file this Answer to Plaintiffs' Complaint ("Complaint"), and respond as follows:

**PARTIES**

*Plaintiffs*

1.      Paragraph 1 contains legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore deny the same.

2.      Defendants admit that NSF is a rare, acquired systemic disease which may lead to the increased formation of connective tissue in the skin, causing it to become thickened, coarse, and hard, leading to disabling contractures.  NSF is progressive and may be fatal.  Defendants admit that Omniscan™ is a gadolinium-based contrast agent that is FDA approved for use in the United States in MRI procedures.  Defendants further admit that Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications.  Defendants expressly deny that any cause-effect relationship has been established between any gadolinium-based contrast agent, including Omniscan™, and NSF.  Defendants expressly deny Paragraph 2 to the extent it purports to expand, or alter the meaning of, or is otherwise inconsistent with the accepted medical and scientific definition of Nephrogenic Systemic Fibrosis also known as Nephrogenic Fibrosing Dermopathy.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore deny the same.

*Manufacturing Defendants*

3.      Paragraph 3 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore deny the same.

4.    Paragraph 4 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore deny the same.

5.    Paragraph 5 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny the same.

6.    Paragraph 6 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore deny the same.

7.    Paragraph 7 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore deny the same.

8.    Paragraph 8 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore deny the same.

9.    Paragraph 9 is directed to another defendant and thus requires no response.   In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph and therefore deny the same.

10.    Defendants admit GE Healthcare Inc. distributes, sells, and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Defendants further admit that GE Healthcare AS manufactures the Omniscan™ that is marketed and sold in the United States.  Defendants deny that General Electric

1    Company is, or has ever been, involved in the design, manufacture, production,

2    distribution or marketing of Omniscan™ in the ordinary course of its business.

3    Except as admitted, Defendants deny the allegations contained in Paragraph 10.

4        11.    Defendants admit that General Electric Company is a New York

5    corporation, with its principal place of business at 3135 Easton Turnpike, Fairfield,

6    Connecticut 06828. Pursuant to 28 U.S.C. § 1332, General Electric Company is

7    considered a citizen of both the State of New York and the State of Connecticut.

8    Except as admitted, Defendants deny the allegations contained in Paragraph 11.

9        12.    Defendants admit that General Electric Company is qualified to

10   conduct business in the state of California. Except as admitted, Defendants deny

11   the allegations contained in Paragraph 12.

12       13.    Defendants admit that GE Healthcare Inc. is a Delaware corporation,

13   with its principal place of business at 101 Carnegie Center, Princeton, New Jersey,

14   08540. Pursuant to 28 U.S.C. § 1332, GE Healthcare Inc. is considered a citizen of

15   both the State of Delaware and the State of New Jersey. Except as admitted,

16   Defendants deny the allegations contained in Paragraph 13.

17       14.    Defendants admit that GE Healthcare Inc. is qualified to conduct

18   business in the state of California. Except as admitted, Defendants deny the

19   allegations contained in Paragraph 14.

20       15.    Defendants admit that GE Healthcare AS is a foreign company

21   domiciled in Norway. Defendants admit that GE Healthcare Inc. distributes, sells,

22   and markets Omniscan™ in the United States in accordance with FDA rules and

23   regulations. Defendants further admit that GE Healthcare AS manufactures the

24   Omniscan™ that is marketed and sold in the United States. Except as admitted,

25   Defendants deny the allegations contained in Paragraph 15.

26       16.    Defendants admit that GE Healthcare Inc. distributes, sells, and

27   markets Omniscan™ in the United States in accordance with FDA rules and

28   regulations. Defendants admit that the MR sub-unit of General Electric Company's

Diagnostic Imaging Unit manufactures, markets and sells MR machines. Defendants further admit that General Electric Company and GE Healthcare Inc. conduct business in the state of California. Except as admitted, Defendants deny the allegations contained in Paragraph 16.

17. Paragraph 17 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny the same.

18. Paragraph 18 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the same.

19. Paragraph 19 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.

20. Paragraph 20 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny the same.

21. Paragraph 21 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny the same.

22. Paragraph 22 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny the same.

23.    Paragraph 23 is directed to another defendant and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore deny the same.

24.    Paragraph 24 is directed to another defendant and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny the same.

25.    Paragraph 25 is directed to other defendants and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny the same.

26.    Paragraph 26 is directed to other defendants and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore deny the same.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore deny the same.

28.    Paragraph 28 is directed to other defendants and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore deny the same.

*Distributor Defendants*

29.    Paragraph 29 is directed to another defendant and thus requires no response.  In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore deny the same.

30. Paragraph 30 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny the same.

31. Paragraph 31 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore deny the same.

32. Paragraph 32 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny the same.

33. Paragraph 33 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore deny the same.

34. Paragraph 34 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore deny the same.

35. Paragraph 35 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore deny the same.

36. Paragraph 36 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore deny the same.

37.    Paragraph 37 is directed to other defendants and thus requires no response.    In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore deny the same.

38.    Paragraph 38 is directed to other defendants and thus requires no response.    In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny the same.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore deny the same.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore deny the same.

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and therefore deny the same.

## FACTS

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore deny the same.

43.    Defendants admit that NSF/NFD is a rare, acquired systemic disease which may lead to the increased formation of connective tissue in the skin, causing it to become thickened, coarse, and hard, leading to disabling contractures.  NSF is progressive and may be fatal.  Defendants expressly deny Paragraph 43 to the extent it purports to expand, or alter the meaning of, or is otherwise inconsistent with the accepted medical and scientific definition of Nephrogenic Systemic

1    Fibrosis also known as Nephrogenic Fibrosing Dermopathy.  Except as admitted,

2    Defendants deny the allegations contained in Paragraph 43.

3        44.    Defendants deny the allegations contained in Paragraph 44.

4    Defendants expressly deny that any cause-effect relationship has been established

5    between any gadolinium-based contrast agent, including Omniscan™, and NSF.

6        45.    Defendants admit that gadolinium is not an endogenous metal in the

7    human body.  Except as admitted, Defendants deny the allegations contained in

8    Paragraph 45.  Defendants expressly deny that any cause-effect relationship has

9    been established between any gadolinium-based contrast agent, including

10   Omniscan™, and NSF.

11       46.    Paragraph 46 contains scientific conclusions and opinions that are

12   more properly the subject of expert opinion testimony.  To the extent that a

13   response to Paragraph 46 is deemed to be required, Defendants admit that

14   Omniscan™ utilizes a chelated formulation to bind gadolinium ions.  Except as

15   admitted, Defendants deny the allegations contained in Paragraph 46.

16       47.    Paragraph 47 contains scientific conclusions and opinions that are

17   more properly the subject of expert opinion testimony.  To the extent that a

18   response to Paragraph 47 is deemed to be required, Defendants admit that

19   Omniscan™ utilizes a chelated formulation to bind gadolinium ions.  Defendants

20   admit that chelating gadolinium facilitates excretion of the complex through the

21   kidneys.    Except as admitted, Defendants deny the allegations contained in

22   Paragraph 47.

23       48.    Defendants are without knowledge or information sufficient to form a

24   belief as to the truth of the allegations contained in Paragraph 48 and therefore deny

25   the same.

26       49.    Defendants deny the allegations contained in Paragraph 49.

27       50.    Paragraph 50 contains scientific conclusions and opinions that are

28   more properly the subject of expert opinion testimony.    In the alternative,

Defendants admit that NSF was first reported in medical literature in 2000, retrospectively referencing a case from 1997.  Defendants expressly deny that any cause-effect relationship has been established between any gadolinium-based contrast agent, including Omniscan™ and NSF.  Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore deny the same.

51.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore deny the same.

52.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and therefore deny the same.

53.    Defendants deny the allegations contained in Paragraph 53.

54.    Defendants deny the allegations contained in Paragraph 54.

55.    Defendants deny the allegations contained in Paragraph 55.

56.    Defendants deny the allegations contained in Paragraph 56.

57.    Defendants admit that GE Healthcare Inc. issued its first Dear Doctor letter apprising physicians in the United States regarding reports of NSF in association with the administration of gadolinium-based contrast agents on June 6, 2006.  To the extent the allegations in Paragraph 57 are directed to other defendants, General Electric Company and GE Healthcare Inc. are without knowledge or information sufficient to form a belief s to the truth of the allegations and therefore deny the same.  Defendants deny the remaining allegations contained in Paragraph 57.

58.    Defendants deny the allegations contained in Paragraph 58.

59.    Defendants deny the allegations contained in Paragraph 59.

60.    Defendants deny the allegations contained in Paragraph 60.

61.    Defendants deny the allegations contained in Paragraph 61.

62.    Defendants deny the allegations contained in Paragraph 62.

### DISCOVERY RULE & FRAUDULENT CONCEALMENT

63.    Paragraph 63 contains legal conclusions to which no response is required.  In the alternative, Defendants deny the allegations contained in Paragraph 63.

64.    Paragraph 64 contains legal conclusions to which no response is required.  In the alternative, Defendants deny the allegations contained in Paragraph 64.

### FIRST CAUSE OF ACTION

### (Against All Defendants)

### STRICT LIABILITY:  FAILURE TO WARN

65.    Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 64 as if set forth fully herein.

66.    Defendants deny the allegations contained in Paragraph 66.

67.    Defendants deny the allegations contained in Paragraph 67.

### SECOND CAUSE OF ACTION

### (Against All Defendants)

### NEGLIGENCE

68.    Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 67 as if set forth fully herein.

69.    Paragraph 69 contains legal conclusions to which no response is required.  To the extent a response is deemed to be required, Defendants deny the allegations contained in Paragraph 69.

70.    Defendants deny the allegations contained in Paragraph 70.

71.    Defendants deny the allegations contained in Paragraph 71.

72.    Defendants deny the allegations contained in Paragraph 72.

73.    Defendants deny the allegations contained in Paragraph 73.

74.    Defendants deny the allegations contained in Paragraph 74.

75.     Defendants deny the allegations contained in Paragraph 75.

## THIRD CAUSE OF ACTION

### (Against Manufacturing Defendants)

### FRAUD

76.     Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 75 as if set forth fully herein.

77.     Defendants deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in Paragraph 81.

82.     Paragraph 82 contains legal conclusions to which no response is required.  In the alternative, Defendants deny the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84.

85.     Defendants deny the allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

## FOURTH CAUSE OF ACTION

### (Against Manufacturing Defendants)

### FRAUD:  CONCEALMENT, SUPPRESSION OR
### OMISSION OF MATERIAL FACTS

87.     Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 86 as if set forth fully herein.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

## FIFTH CAUSE OF ACTION

### (Against Manufacturing Defendants)

### NEGLIGENT MISREPRESENTATION

91.    Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 90 as if set forth fully herein.

92.    Defendants deny the allegations contained in Paragraph 92.

93.    Defendants admit that Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications.  Except as admitted, Defendants deny the allegations contained in Paragraph 93.

94.    Defendants deny the allegations contained in Paragraph 94.

95.    Defendants deny the allegations contained in Paragraph 95.

96.    Defendants deny the allegations contained in Paragraph 96.

### SIXTH CAUSE OF ACTION

### (Against All Defendants)

### CONSUMER LEGAL REMEDIES ACT

97.    Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 96 as if set forth fully herein.

98.    Paragraph 98 contains legal conclusions to which no response is required.  In the alternative, Defendants deny the allegations contained in Paragraph 98.

99.    Paragraph 99(a)-(g) contains legal conclusions to which no response is required.  In the alternative, Defendants deny the allegations contained in Paragraph 99(a)-(g).

100.    Paragraph 100 contains legal conclusions to which no response is required.  To the extent Paragraph 100 purports to allege facts, Defendants deny the allegations contained therein.

101. Paragraph 101 contains legal conclusions to which no response is required. To the extent Paragraph 101 purports to allege facts, Defendants deny the allegations contained therein.

102. Defendants deny the allegations contained in Paragraph 102.

## SEVENTH CAUSE OF ACTION

### (Against All Defendants)

### WRONGFUL DEATH

103. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 102 as if set forth fully herein.

104. Defendants deny the allegations contained in Paragraph 104.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent Paragraph 105 purports to allege facts, Defendants deny the allegations contained therein.

## EIGHTH CAUSE OF ACTION

### (Against All Defendants)

### SURVIVAL ACTION

106. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 105 as if set forth fully herein.

107. Paragraph 107 contains legal conclusions to which no response is required. To the extent Paragraph 107 purports to allege facts, Defendants deny the allegations contained therein.

108. Defendants deny the allegations contained in Paragraph 108.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent Paragraph 109 purports to allege facts, Defendants deny the allegations contained therein.

///

///

///

1

**RELIEF REQUESTED**

2

Defendants deny that Plaintiffs are entitled to any of the relief requested.

3

Defendants deny each and every statement, allegation, and averment

4

contained in the Complaint that has not been expressly admitted above.

5

**AFFIRMATIVE DEFENSES**

6

Discovery and investigation may reveal that one or more of the following

7

additional defenses are available to Defendants in this matter. Defendants

8

accordingly assert the following defenses. Upon completion of discovery, if the

9

facts warrant, Defendants may withdraw any of these defenses as may be

10

appropriate. Defendants further reserve the right to amend this Answer to assert

11

additional defenses and other claims as discovery proceeds. Further answering, and

12

by way of additional defense, Defendants state as follows:

13

**FIRST AFFIRMATIVE DEFENSE**

14

The Complaint fails to state facts sufficient to constitute a cause of action

15

and otherwise fails to state a claim upon which relief may be granted.

16

**SECOND AFFIRMATIVE DEFENSE**

17

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of

18

limitations, including but not limited to Cal. Code of Civil Procedure former § 340,

19

subd. 3, or in the alternative, Cal. Code of Civil Procedure §§ 335.1, 340.5, 340.8

20

and/or 343.

21

**THIRD AFFIRMATIVE DEFENSE**

22

If Plaintiffs sustained the injuries or incurred the expenses as alleged, and if

23

Decedent Doris Lorraine Stondell was administered Omniscan™, both of which

24

are expressly denied, said injuries or expenses were caused by the unforeseeable

25

alteration, improper handling, or other unforeseeable misuse of the Omniscan™ by

26

people not within Defendants' control, including but not limited to Plaintiffs,

27

Decedent or their healthcare providers' failure to follow warnings and/or failure to

28

follow instructions, and if the Omniscan™ had not been subjected to use in such an

improper and unintended manner, Plaintiffs' damages would have been avoided.

## FOURTH AFFIRMATIVE DEFENSE

Defendants specifically plead all defenses under the California Commercial Code now existing or which may arise in the future including, but not limited to, the defense that Plaintiffs' claims of breach of warranty, express or implied, are barred by the applicable provisions of the California Commercial Code.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the Omniscan™, if used, was neither defective nor unreasonably safe, and was reasonably fit for its intended use. The warnings and instructions accompanying the product at issue at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

## SIXTH AFFIRMATIVE DEFENSE

Defendants owed no duty to Plaintiffs or Decedent, and in any event, violated no duty that it may have owed to Plaintiffs or Decedent.

## SEVENTH AFFIRMATIVE DEFENSE

Decedent's treating physicians and health care providers stood in the position of a learned intermediary between Defendants and Decedent. Any warnings that Defendants gave were transmitted to the prescribing physicians and/or health-care providers. Defendants' only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled. Plaintiffs' claims against Defendants accordingly are barred in whole or in part by the learned intermediary doctrine and/or sophisticated user.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver and estoppel.

///

///

### NINTH AFFIRMATIVE DEFENSE

Any and all injuries suffered by Plaintiffs, the fact of which is expressly denied by Defendants, were the direct and proximate result of sensitivities, medical conditions, reactions and/or idiosyncrasies peculiar to Decedent Doris Lorraine Stondell that were unknown, unknowable or not reasonably foreseeable to these Defendants, and not as a direct and proximate result of wrongful conduct on the part of the Defendants, the fact of which is expressly denied by the Defendants.

### TENTH AFFIRMATIVE DEFENSE

No act or omission of these Defendants was a substantial factor in bringing about the alleged injuries of Plaintiffs, nor was any such act or omission a contributing cause thereof, and any alleged acts or omissions of these Defendants were superseded by the acts or omissions of others, including Plaintiffs and/or Decedent, which were the independent, intervening, unforeseeable, or superseding and proximate cause of any injury, damage or loss sustained by Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to the Defendants in any possible future litigation.

### TWELFTH AFFIRMATIVE DEFENSE

The manufacture, distribution and sale of the pharmaceutical product referred to in the Complaint was at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on the Defendants' alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2    Plaintiffs are barred from recovering against Defendants because Plaintiffs'

3  claims are preempted in accordance with the Supremacy Clause of the United

4  States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C.

5  301, et. Seq. ("FDCA"), and regulations promulgated thereunder, with the

6  regulations promulgated by the Food and Drug Administration ("FDA") to

7  implement the FDCA, with the purposes and objectives of the FDCA and the

8  FDA's implementing regulations, and with the specific determinations by the FDA

9  specifying the language that should be used in the labeling accompanying the

10  subject pharmaceutical product.

11

### FIFTEENTH AFFIRMATIVE DEFENSE

12    Plaintiffs' claims are barred in whole or in part by the deference given to the

13  primary jurisdiction of the FDA over the subject pharmaceutical product at issue

14  under applicable federal laws, regulations and rules.

15

### SIXTEENTH AFFIRMATIVE DEFENSE

16    Plaintiffs' claims are barred in whole or in part because there is no private

17  right of action concerning matters regulated by the FDA under applicable federal

18  laws, regulations and rules.

19

### SEVENTEENTH AFFIRMATIVE DEFENSE

20    Plaintiffs' claims are barred in whole or in part because the manufacture,

21  labeling and sale of Omniscan™ was and is controlled by federal law, and the

22  Defendants at all relevant times complied with applicable statutes and with the

23  requirements of the FDA.

24

### EIGHTEENTH AFFIRMATIVE DEFENSE

25    If any pharmaceutical product manufactured or sold by Defendants was

26  involved in the incident alleged in the Complaint herein, which Defendants deny,

27  then and in that event, said pharmaceutical product was not defective at the time

28  that it left the control of the Defendants.

1

### NINETEENTH AFFIRMATIVE DEFENSE

2    Plaintiffs' claims are barred in whole or in part because the products,

3  methods, standards, and/or techniques used in manufacturing, designing,

4  marketing, and/or labeling were in accordance with the state of the art at the time

5  they were manufactured, designed, marketed, and/or labeled.

6

### TWENTIETH AFFIRMATIVE DEFENSE

7    The pharmaceutical product at issue was fit and proper for its intended

8  purpose and the utility of the subject pharmaceutical product at issue outweighs

9  any possible risk inherent in the use of the subject pharmaceutical product.

10

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11    Plaintiffs' claims against Defendants are barred under § 6(c) of the

12  Restatement (Third) of Torts: Products Liability.

13

### TWENTY-SECOND AFFIRMATIVE DEFENSE

14    Plaintiffs' strict liability claims are barred by the unavoidably dangerous

15  product defense in Comment k to § 402A of the Restatement (Second) of Torts.

16

### TWENTY-THIRD AFFIRMATIVE DEFENSE

17    Plaintiffs' claims are barred in whole or in part because Defendants provided

18  adequate "direction or warnings" as to the use of the subject pharmaceutical

19  product at issue within the meaning of Comment j to § 402A of the Restatement

20  (Second) of Torts.

21

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22    Plaintiffs' claims are barred in whole or in part because the pharmaceutical

23  product at issue "provides net benefits for a class of patients" within the meaning

24  of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

25

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26    Plaintiffs' claims are barred under § 4, et. seq., of the Restatement (Third) of

27  Torts: Products Liability.

28  ///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because all acts or omissions, if any, by these Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any warranties made by Defendants to Plaintiffs and/or Decedent were disclaimed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any claim for breach of express warranty must fail because Plaintiffs failed to allege any representation about the product at issue giving rise to an express warranty.

## THIRTIETH AFFIRMATIVE DEFENSE

Any claim for breach of implied warranty fails because the product at issue was used for its ordinary purpose.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because there is a lack of privity between Plaintiffs and/or Decedent and Defendants. Moreover, Plaintiffs failed to notify Defendants of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and is therefore barred from recovery on such claims.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

///

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

2   Plaintiffs' claims are barred in whole or in part because Plaintiffs assumed

3   the risk of injury, if any, associated with the use of the product.

4

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

5   Plaintiffs' damages, if any, are not recoverable because they are legally too

6   remote, indirect and speculative.

7

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

8   Plaintiffs' damages, if any, were the result of pre-existing medical and/or

9   health conditions unrelated to any conduct of, or product manufactured, distributed

10  or introduced into interstate commerce by Defendants.

11

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

12  Plaintiffs' claims based on inadequate warnings are barred even if the

13  Defendants failed to provide adequate warnings with respect to know or potential

14  dangers or risks associated with the use of Omniscan™, which Defendants

15  expressly deny, because physicians prescribing Omniscan™ either knew or should

16  have known of the potential or known dangers or risks, and there is no duty to

17  warn members of a profession against dangers known or which should be known

18  to members of the profession.

19

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

20  Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs and/or

21  Decedent have released, settled, entered into an accord and satisfaction, or

22  otherwise compromised their claims.

23

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

24  Plaintiffs' claims are barred or reduced by Plaintiffs' and/or Decedent's

25  contributory and/or comparative negligence and/or contributory and/or

26  comparative fault.

27

### THIRTY-NINTH AFFIRMATIVE DEFENSE

28  Plaintiffs have failed to allege fraud and/or deceit with particularity.

## FORTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims relate to Defendants' advertising, marketing, public statements, lobbying, or other activities protected by the First Amendment to the United States Constitution and the California Constitution, such claims are barred.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and recovery are barred, reduced and/or limited pursuant to applicable constitutional, statutory and common law regarding limitations of awards and recovery.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants' liability, if any, for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to Plaintiffs' total non-economic loss, if an, including those over whom Plaintiffs could have obtained personal jurisdiction with due diligence.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have indemnified, or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation or employee benefit program.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' non-economic loss must be allocated in accordance with the provision of Cal. Civil Code § 1431.1 ("Proposition 51").

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

///

///

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants deny any conduct for which punitive or exemplary damages could or should be awarded and deny that Plaintiffs have produced evidence sufficient to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims seeking punitive or exemplary damages violate the substantive and procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, the Excessive Fines Clause, the Commerce Clause and the cognate provisions of the California Constitution.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 134 L.Ed. 2d 809, 116 S.Ct. 1589 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and *Phillip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

### FORTY-NINTH AFFIRMATIVE DEFENSE

No act or alleged omission of Defendants was vile, base, willful, malicious, wanton, oppressive or fraudulent, or done with a conscious disregard for the health, safety and rights of Plaintiffs, Decedent and others, or with actual malice, fraud or oppression as defined in Cal. Civil Code § 3294, and Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages. Plaintiffs' Complaint seeks damages in excess of those permitted by law. Defendants assert any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

///

1

### FIFTIETH AFFIRMATIVE DEFENSE

2      Punitive damages are not available under California law for a wrongful death

3  claim. To the extent Plaintiffs' seek recovery of punitive damages for the alleged

4  wrongful death of Decedent, these claims are barred.

5

### FIFTY-FIRST AFFIRMATIVE DEFENSE

6      Any verdict or judgment that might be recovered by Plaintiffs must be

7  reduced by those amounts that have indemnified, or will in the future, with

8  reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future

9  claimed economic loss from any collateral source such as insurance, social security,

10  workers' compensation or employee benefit program.

11

### FIFTY-SECOND AFFIRMATIVE DEFENSE

12      Plaintiffs' strict liability design defect claims are barred as a matter of law as

13  set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1049, 1061.

14

### FIFTY-THIRD AFFIRMATIVE DEFENSE

15      Plaintiffs' strict liability (failure to adequately test) claims are barred as a

16  matter of law as set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1049, 1061.

17

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

18      Plaintiffs have failed to allege negligent misrepresentation with particularity.

19

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

20      Plaintiffs have failed to allege fraudulent concealment and/or omission with

21  particularity.

22

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

23      Plaintiffs' cause of action for alleged violation of the California Consumer

24  Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*, is barred because

25  Plaintiffs failed to give proper notice as mandated by Cal. Civil Code § 1782(a)(1).

26  Since strict compliance with the notice provisions of the CLRA is required,

27  Plaintiffs' CLRA cause of action must be dismissed with prejudice.

28  ///

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action for alleged violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*, is barred because Plaintiffs failed to comply with the affidavit requirement of Cal. Civil Code § 1780(c).  Since strict compliance with the affidavit provisions of the CLRA is required, Plaintiffs' CLRA cause of action must be dismissed with prejudice.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim under the California Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*, because the CLRA is inapplicable to a pharmaceutical products liability action.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or Decedent consented to the alleged wrongful conduct.

WHEREFORE, Defendants General Electric Company and GE Healthcare Inc. pray as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That judgment be entered in favor of Defendants;

3. That Defendants be awarded their costs of suit;

4. That Defendants be awarded their attorneys' fees incurred herein; and

5. For such other and further relief as the Court deems appropriate.

Dated:    July 23, 2008                    KUTAK ROCK LLP

                                           By: _____
                                           Deborah C. Prosser
                                           Stephanie A. Hingle
                                           Attorneys for Defendants
                                           GE HEALTHCARE INC. and
                                           GENERAL ELECTRIC COMPANY

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER AND AFFIRMATIVE DEFENSES                    CASE NO. 3:08-CV-03441 MEJ