1  Douglas W. Robinson (SBN: 255909)
   SHOOK, HARDY & BACON L.L.P.
2  Jamboree Center
   5 Park Plaza, Suite 1600
3  Irvine, California  92614-2546
   Telephone:  949.475.1500
4  Facsimile:   949.475.0016
   Email:  dwrobinson@shb.com
5

6  Attorneys for Defendant Denominated MALLINCKRODT, INC.

7

8                 UNITED STATES DISTRICT COURT

9     NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 | LORRAINE ELLEN JOHNSON and | ) | Case No. 3:08-CV-03441 MEJ |
   | ROBERT GARY STONDELL, | ) | |

12 | individually, and as Successors in | ) | **ANSWER AND AFFIRMATIVE** |
   | Interest to the Estate of DORIS | ) | **DEFENSES OF DEFENDANT** |

13 | LORRAINE STONDELL, Deceased, | ) | **DENOMINATED** |
   | | ) | **"MALLINCKRODT, INC."** |

14 |          Plaintiffs, | ) | |
   | | ) | Complaint Filed:   June 6, 2008 |

15 |      vs. | ) | |

16 | BAYER HEALTHCARE | ) | |
   | PHARMACEUTICALS, INC.; BAYER | ) | |

17 | HEALTHCARE LLC; BAYER | ) | |
   | SCHERING PHARMA AG; GENERAL | ) | |

18 | ELECTRIC COMPANY; GE | ) | |
   | HEALTHCARE, INC.; | ) | |

19 | MALLINCKRODT, INC.; BRACCO | ) | |
   | DIAGNOSTICS, INC.; McKESSON | ) | |

20 | CORPORATION; MERRY X-RAY | ) | |
   | CHEMICAL CORPORATION; and | ) | |

21 | DOES 1 through 35, | ) | |
   | | ) | |

22 |          Defendants. | ) | |

23

24

25     Defendant Mallinckrodt Inc. (erroneously named and served as "Mallinckrodt,

26 Inc.") answers Plaintiffs' Complaint for Damages ("Complaint") as follows:

27     Plaintiffs' Complaint improperly mixes factual averments with argumentative

28 rhetoric so as to make admissions or denials of such allegations difficult or

1   impossible. Accordingly, by way of a general response, all allegations are denied

2   unless specifically admitted, and any factual averment is admitted only as to the

3   specific facts and not as to any conclusions, characterizations, implications, or

4   speculations which are contained in the averment or in the Complaint as a whole.

5          In addition, there are numerous allegations throughout the Complaint regarding

6   "Manufacturing Defendants," which Plaintiffs define to include certain Defendants,

7   and "Defendants," which Plaintiffs define to include all Defendants. Mallinckrodt

8   Inc. (hereinafter "Mallinckrodt") denies that Plaintiffs' attempt to refer to and

9   categorize these separate entities collectively is correct, appropriate or has any legal

10  significance, import, or meaning whatsoever relative to Plaintiffs' claims and

11  Plaintiffs' ability to seek relief or recover damages against Mallinckrodt. Further, the

12  allegations throughout this Complaint in which these collective references are used are

13  ambiguous and confusing.

14         1.     Mallinckrodt lacks knowledge or information sufficient to form a belief

15  as to the truth of the allegations of Paragraph 1 and, therefore, denies the same.

16         2.     Mallinckrodt lacks knowledge or information sufficient to form a belief

17  as to the truth of the allegations of Paragraph 2 that pertain to Decedent's diagnosis

18  and cause of death and, therefore, denies the same. Mallinckrodt denies the remaining

19  allegations of Paragraph 2.

20         3.     Mallinckrodt lacks knowledge or information sufficient to form a belief

21  as to the truth of the allegations of Paragraph 3 and, therefore, denies the same.

22         4.     Mallinckrodt lacks knowledge or information sufficient to form a belief

23  as to the truth of the allegations of Paragraph 4 and, therefore, denies the same.

24         5.     Mallinckrodt lacks knowledge or information sufficient to form a belief

25  as to the truth of the allegations of Paragraph 5 and, therefore, denies the same.

26         6.     Mallinckrodt lacks knowledge or information sufficient to form a belief

27  as to the truth of the allegations of Paragraph 6 and, therefore, denies the same.

28

2

50954V1

7.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies the same.

8.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, therefore, denies the same.

9.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies the same.

10.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies the same.

11.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the same.

12.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

14.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

16.   Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies the same.

17.   Mallinckrodt admits that it manufactures and sells Optimark®, a contract agent which contains gadolinium.  Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 and, therefore, denies the same.

18.   Mallinckrodt admits the allegations of Paragraph 18.

19.   Mallinckrodt admits that it is authorized to do business in the State of California.  Mallinckrodt lacks knowledge or information sufficient to form a belief as

3

1    to the truth of the remaining allegations of Paragraph 19 and, therefore, denies the

2    same.

3        20.    Mallinckrodt admits that it sells Optimark®. Mallinckrodt denies the

4    remaining allegations of Paragraph 20.

5        21.    Mallinckrodt lacks knowledge or information sufficient to form a belief

6    as to the truth of the allegations of Paragraph 21 and, therefore, denies the same.

7        22.    Mallinckrodt lacks knowledge or information sufficient to form a belief

8    as to the truth of the allegations of Paragraph 22 and, therefore, denies the same.

9        23.    Mallinckrodt lacks knowledge or information sufficient to form a belief

10   as to the truth of the allegations of Paragraph 23 and, therefore, denies the same.

11       24.    Mallinckrodt lacks knowledge or information sufficient to form a belief

12   as to the truth of the allegations of Paragraph 24 and, therefore, denies the same.

13       25.    Mallinckrodt lacks knowledge or information sufficient to form a belief

14   as to the truth of the allegations of Paragraph 25 and, therefore, denies the same.

15       26.    Mallinckrodt lacks knowledge or information sufficient to form a belief

16   as to the truth of the allegations of Paragraph 26 and, therefore, denies the same.

17       27.    Mallinckrodt denies that Plaintiffs are entitled to and/or should be

18   permitted to amend their Complaint as described in Paragraph 27.

19       28.    Mallinckrodt denies that Plaintiffs' attempt to refer collectively to and

20   categorize the separate entities named as Defendants in this action is correct,

21   appropriate, or has any legal significance, import, or meaning whatsoever relative to

22   Plaintiffs' claims and Plaintiffs' ability to seek relief or recover damages against the

23   individual Defendants.  To the extent the allegations of Paragraph 28 are construed to

24   require a different or additional response, Mallinckrodt denies any such allegations

25   against it contained therein.

26       29.    Mallinckrodt lacks knowledge or information sufficient to form a belief

27   as to the truth of the allegations of Paragraph 29 and, therefore, denies the same.

28

4

50954V1

1    30.    Mallinckrodt lacks knowledge or information sufficient to form a belief
2  as to the truth of the allegations of Paragraph 30 and, therefore, denies the same.

3    31.    Mallinckrodt lacks knowledge or information sufficient to form a belief
4  as to the truth of the allegations of Paragraph 31 and, therefore, denies the same.

5    32.    Mallinckrodt lacks knowledge or information sufficient to form a belief
6  as to the truth of the allegations of Paragraph 32 and, therefore, denies the same.

7    33.    Mallinckrodt lacks knowledge or information sufficient to form a belief
8  as to the truth of the allegations of Paragraph 33 and, therefore, denies the same.

9    34.    Mallinckrodt lacks knowledge or information sufficient to form a belief
10  as to the truth of the allegations of Paragraph 34 and, therefore, denies the same.

11    35.    Mallinckrodt lacks knowledge or information sufficient to form a belief
12  as to the truth of the allegations of Paragraph 35 and, therefore, denies the same.

13    36.    Mallinckrodt lacks knowledge or information sufficient to form a belief
14  as to the truth of the allegations of Paragraph 36 and, therefore, denies the same.

15    37.    Mallinckrodt lacks knowledge or information sufficient to form a belief
16  as to the truth of the allegations of Paragraph 37 and, therefore, denies the same.

17    38.    Mallinckrodt lacks knowledge or information sufficient to form a belief
18  as to the truth of the allegations of Paragraph 38 and, therefore, denies the same.

19    39.    Mallinckrodt denies that Plaintiffs are entitled to and/or should be
20  permitted to amend their Complaint as described in Paragraph 39.

21    40.    Mallinckrodt lacks knowledge or information sufficient to form a belief
22  as to the appropriateness of the collective reference in Paragraph 40 and, therefore,
23  denies the same.

24    41.    Mallinckrodt denies that Plaintiffs' attempt to refer collectively to and
25  categorize the separate entities named as Defendants in this action is correct,
26  appropriate, or has any legal significance, import, or meaning whatsoever relative to
27  Plaintiffs' claims and Plaintiffs' ability to seek relief or recover damages against the

28

5

50954V1

1    individual Defendants. To the extent the allegations of Paragraph 41 are construed to

2    require a different or additional response, Mallinckrodt denies any such allegations

3    against it contained therein.

4        42.    Mallinckrodt lacks knowledge or information sufficient to form a belief

5    as to the truth of the allegations of Paragraph 42 and, therefore, denies the same.

6    Mallinckrodt further denies that it is liable for the injuries alleged in Paragraph 42.

7        43.    Mallinckrodt states that a meaningful response to the allegations of

8    Paragraph 43 requires an expert opinion and, therefore, no response is required. To

9    the extent a response is required, Mallinckrodt generally admits that it has been

10    reported that in certain cases NSF may be accompanied by some of the symptoms

11    described in Paragraph 43. Mallinckrodt denies the remaining allegations of

12    Paragraph 43.

13        44.    Mallinckrodt denies the allegations of Paragraph 44.

14        45.    Mallinckrodt denies the allegations of Paragraph 45.

15        46.    Mallinckrodt denies the allegations of Paragraph 46.

16        47.    To the extent the allegations of Paragraph 47 refer to the knowledge,

17    conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

18    knowledge or information sufficient to form a belief as to the truth of those allegations

19    and, therefore, denies the same. Mallinckrodt admits that gadolinium is cleared from

20    the body through the kidneys. Mallinckrodt denies the remaining allegations of

21    Paragraph 47.

22        48.    Mallinckrodt lacks knowledge or information sufficient to form a belief

23    as to the truth of the allegations of Paragraph 48 and, therefore, denies the same.

24        49.    Mallinckrodt denies the allegations of Paragraph 49.

25        50.    To the extent the allegations of Paragraph 50 refer to the knowledge,

26    conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

27    knowledge or information sufficient to form a belief as to the truth of those allegations

28

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

1  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

2  Paragraph 50.

3    51.    Mallinckrodt lacks knowledge or information sufficient to form a belief

4  as to the truth of the allegations of Paragraph 51 and, therefore, denies the same.

5    52.    Mallinckrodt lacks knowledge or information sufficient to form a belief

6  as to the truth of the allegations of Paragraph 52 and, therefore, denies the same.

7    53.    To the extent the allegations of Paragraph 53 refer to the knowledge,

8  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

9  knowledge or information sufficient to form a belief as to the truth of those allegations

10  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

11  Paragraph 53.

12    54.    To the extent the allegations of Paragraph 54 refer to the knowledge,

13  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

14  knowledge or information sufficient to form a belief as to the truth of those allegations

15  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

16  Paragraph 54.

17    55.    To the extent the allegations of Paragraph 55 refer to the knowledge,

18  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

19  knowledge or information sufficient to form a belief as to the truth of those allegations

20  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

21  Paragraph 55.

22    56.    To the extent the allegations of Paragraph 56 refer to the knowledge,

23  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

24  knowledge or information sufficient to form a belief as to the truth of those allegations

25  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

26  Paragraph 56.

27

28

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

57.    To the extent the allegations of Paragraph 57 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Mallinckrodt admits that Paragraph 57 refers to and purports to characterize and/or paraphrase a September 12, 2007 letter to healthcare professionals.  Mallinckrodt further admits that it sent a letter to healthcare professionals dated September 12, 2007.  Mallinckrodt states that the complete and precise content of this letter can be ascertained from the letter itself.  Mallinckrodt denies Plaintiffs' characterization of the letter and denies the remaining allegations of Paragraph 57.

58.    To the extent the allegations of Paragraph 58 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of Paragraph 58.

59.    To the extent the allegations of Paragraph 59 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of Paragraph 59.

60.    To the extent the allegations of Paragraph 60 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of Paragraph 60.

61.    To the extent the allegations of Paragraph 61 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

8

50954V1

1  knowledge or information sufficient to form a belief as to the truth of those allegations

2  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

3  Paragraph 61.

4       62.    Mallinckrodt denies that it is liable for the injuries alleged in Paragraph

5  62 and denies the remaining allegations of Paragraph 62.

6       63.    To the extent the allegations of Paragraph 63 refer to the knowledge,

7  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

8  knowledge or information sufficient to form a belief as to the truth of those allegations

9  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

10  Paragraph 63.

11       64.    To the extent the allegations of Paragraph 64 refer to the knowledge,

12  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

13  knowledge or information sufficient to form a belief as to the truth of those allegations

14  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

15  Paragraph 64.

16  ## FIRST CAUSE OF ACTION

17  ### (Against All Defendants)

18  ### STRICT LIABILITY: FAILURE TO WARN

19       65.    Mallinckrodt incorporates by reference its answers to the allegations of

20  Paragraphs 1 through 64.

21       66.    To the extent the allegations of Paragraph 66 refer to the knowledge,

22  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

23  knowledge or information sufficient to form a belief as to the truth of those allegations

24  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

25  Paragraph 66.

26       67.    To the extent the allegations of Paragraph 67 refer to the knowledge,

27  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

28

9

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

1  knowledge or information sufficient to form a belief as to the truth of those allegations

2  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

3  Paragraph 67.

### SECOND CAUSE OF ACTION

**(Against All Defendants)**

**NEGLIGENCE**

7      68.    Mallinckrodt incorporates by reference its answers to the allegations of

8  Paragraphs 1 through 67.

9      69.    Paragraph 69 asserts legal conclusions to which no response is required.

10  To the extent a response is required, Mallinckrodt states that it has complied with all

11  applicable legal duties and denies the remaining allegations of Paragraph 69.

12      70.    To the extent the allegations of Paragraph 70 refer to the knowledge,

13  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

14  knowledge or information sufficient to form a belief as to the truth of those allegations

15  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

16  Paragraph 70.

17      71.    To the extent the allegations of Paragraph 71 refer to the knowledge,

18  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

19  knowledge or information sufficient to form a belief as to the truth of those allegations

20  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

21  Paragraph 71.

22      72.    To the extent the allegations of Paragraph 72 refer to the knowledge,

23  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

24  knowledge or information sufficient to form a belief as to the truth of those allegations

25  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

26  Paragraph 72.

10

50954V1

73.    To the extent the allegations of Paragraph 73 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 73.

74.    To the extent the allegations of Paragraph 74 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 74.

75.    To the extent the allegations of Paragraph 75 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies that Plaintiffs are entitled to exemplary damages or to any relief whatsoever and denies the remaining allegations of Paragraph 75.

## THIRD CAUSE OF ACTION

### (Against Manufacturing Defendants)

### FRAUD

76.    Mallinckrodt incorporates by reference its answers to the allegations of Paragraphs 1 through 75.

77.    To the extent the allegations of Paragraph 77 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 77.

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

78.    To the extent the allegations of Paragraph 78 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 78.

79.    To the extent the allegations of Paragraph 79 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 79.

80.    To the extent the allegations of Paragraph 80 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 80.

81.    To the extent the allegations of Paragraph 81 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Mallinckrodt denies the remaining allegations of Paragraph 81.

82.    Paragraph 82 asserts legal conclusions to which no response is required. To the extent a response is required, Mallinckrodt states that it has complied with all applicable legal duties and denies the remaining allegations of Paragraph 82.

83.    To the extent the allegations of Paragraph 83 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations

12

50954V1

1  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

2  Paragraph 83.

3        84.    To the extent the allegations of Paragraph 84 refer to the knowledge,

4  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

5  knowledge or information sufficient to form a belief as to the truth of those allegations

6  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

7  Paragraph 84.

8        85.    To the extent the allegations of Paragraph 85 refer to the knowledge,

9  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

10 knowledge or information sufficient to form a belief as to the truth of those allegations

11 and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

12 Paragraph 85.

13       86.    To the extent the allegations of Paragraph 86 refer to the knowledge,

14 conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

15 knowledge or information sufficient to form a belief as to the truth of those allegations

16 and, therefore, denies the same.  Mallinckrodt denies that Plaintiffs are entitled to

17 exemplary damages or to any relief whatsoever and denies the remaining allegations

18 of Paragraph 86.

19                    **FOURTH CAUSE OF ACTION**

20                  **(Against Manufacturing Defendants)**

21            **FRAUD: CONCEALMENT, SUPPRESSION**

22                **OR OMISSION OF MATERIAL FACTS**

23       87.    Mallinckrodt incorporates by reference its answers to the allegations of

24 Paragraphs 1 through 86.

25       88.    To the extent the allegations of Paragraph 88 refer to the knowledge,

26 conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

27 knowledge or information sufficient to form a belief as to the truth of those allegations

28                                   13

50954V1

1  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

2  Paragraph 88.

3       89.    To the extent the allegations of Paragraph 89 refer to the knowledge,

4  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

5  knowledge or information sufficient to form a belief as to the truth of those allegations

6  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

7  Paragraph 89.

8       90.    To the extent the allegations of Paragraph 90 refer to the knowledge,

9  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

10  knowledge or information sufficient to form a belief as to the truth of those allegations

11  and, therefore, denies the same.  Mallinckrodt denies that Plaintiffs are entitled to

12  exemplary damages or to any relief whatsoever and denies the remaining allegations

13  of Paragraph 90.

14                    **FIFTH CAUSE OF ACTION**

15                 **(Against Manufacturing Defendants)**

16              **NEGLIGENT MISREPRESENTATION**

17       91.    Mallinckrodt incorporates by reference its answers to the allegations of

18  Paragraphs 1 through 90.

19       92.    To the extent the allegations of Paragraph 92 refer to the knowledge,

20  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

21  knowledge or information sufficient to form a belief as to the truth of those allegations

22  and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of

23  Paragraph 92.

24       93.    To the extent the allegations of Paragraph 93 refer to the knowledge,

25  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

26  knowledge or information sufficient to form a belief as to the truth of those allegations

27

28

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

1  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

2  Paragraph 93.

3    94.    To the extent the allegations of Paragraph 94 refer to the knowledge,

4  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

5  knowledge or information sufficient to form a belief as to the truth of those allegations

6  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

7  Paragraph 94.

8    95.    To the extent the allegations of Paragraph 95 refer to the knowledge,

9  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

10  knowledge or information sufficient to form a belief as to the truth of those allegations

11  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

12  Paragraph 95.

13    96.    To the extent the allegations of Paragraph 96 refer to the knowledge,

14  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

15  knowledge or information sufficient to form a belief as to the truth of those allegations

16  and, therefore, denies the same. Mallinckrodt denies the remaining allegations of

17  Paragraph 96.

## SIXTH CAUSE OF ACTION

### (Against All Defendants)

### CONSUMERS LEGAL REMEDIES ACT

21    97.    Mallinckrodt incorporates by reference its answers to the allegations of

22  Paragraphs 1 through 96.

23    98.    To the extent the allegations of Paragraph 98 refer to the knowledge,

24  conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks

25  knowledge or information sufficient to form a belief as to the truth of those allegations

26  and, therefore, denies the same. Mallinckrodt denies that Plaintiffs are entitled to any

27  relief whatsoever and denies the remaining allegations of Paragraph 98.

28

15

50954V1

99.    To the extent the allegations of Paragraph 99 refer to the knowledge, conduct or actions of Defendants other than Mallinckrodt, Mallinckrodt lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Mallinckrodt denies the remaining allegations of Paragraph 99 including each and every subpart thereof.

Mallinckrodt denies that Plaintiffs are entitled to the relief requested in the Wherefore clause following Paragraph 99 or to any relief whatsoever.

Mallinckrodt further denies any allegations that have not been expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Having answered the allegations of the Plaintiffs' First Amended Complaint and having denied any liability whatsoever, Mallinckrodt sets forth below its affirmative defenses.  By setting forth these affirmative defenses, Mallinckrodt does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing herein stated is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

2.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Mallinckrodt.

## SECOND AFFIRMATIVE DEFENSE

3.    Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are expressly and/or impliedly preempted by federal law, including, but not limited to, the provisions of the Food, Drug and Cosmetic Act (F.D.C.A.), 21 U.S.C. § 301 *et seq.*, and the Public Health Service Act, 42 U.S.C. § 201, *et seq.*, as well as any ensuing regulations promulgated by the Food and Drug Administration contained in Chapter 21 of the Code of Federal Regulations.  The

16

1  product referred to in the Complaint was and is controlled by federal law, which

2  governs the manufacture, distribution, and sale of said products at all times.

3  Plaintiffs' claims are thus preempted in whole or in part such that they fail to state a

4  cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

6      4.      The claims set forth in the Complaint are barred because Plaintiffs' and

7  Plaintiffs' Decedent's alleged injuries and damages, if any, were actually or

8  proximately caused by one or more unforeseeable, independent, intervening, and/or

9  superseding events or conduct over which Mallinckrodt had no control and for which

10 Mallinckrodt is not legally responsible.

**FOURTH AFFIRMATIVE DEFENSE**

12     5.      The claims set forth in the Complaint are barred because the alleged

13 injuries and damages, if any, were caused by medical conditions or processes, whether

14 pre-existing or contemporaneous, unrelated to Optimark®.

**FIFTH AFFIRMATIVE DEFENSE**

16     6.      Plaintiffs' Complaint fails to state a claim upon which relief can be

17 granted because manufacturers of prescription products such as Optimark® have no

18 legal duty to warn the patient.  Plaintiffs' claims are therefore barred by the learned

19 intermediary or informed intermediary doctrines.  Plaintiffs' claims are also barred by

20 the sophisticated user doctrine or similar applicable laws.

**SIXTH AFFIRMATIVE DEFENSE**

22     7.      Plaintiffs' claims are subject to the limitations on the doctrine of strict

23 product liability as set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1049; the

24 Restatement (Second) of Torts, Section 402A, comments (j) and (k); and Sections 4

25 and 6 of the Restatement (Third) of Torts: Products Liability.

**SEVENTH AFFIRMATIVE DEFENSE**

17

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

8.    The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating Optimark® and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time Optimark® was manufactured. All acts of Mallinckrodt at the time of the alleged manufacture, sale and/or distribution of the product at issue were in conformity with the state-of-the-art at such times. Further, the methods, standards, and techniques used in manufacturing and/or marketing the product at issue, and in issuing warnings and instructions with respect to the use of such product, were in conformity with industry custom, usage, and standards and/or legislative, administrative, and regulatory standards. Any alleged defects of the product at issue, and/or any alternative design claimed by Plaintiffs were not known and, in light of the existing, reasonably available scientific and technological knowledge, could not have been known. Any such alternative design was not scientifically or technologically feasible, nor was it economically practical.

## EIGHTH AFFIRMATIVE DEFENSE

9.    The claims set forth in the Complaint are barred by the doctrines of informed consent and assumption of risk.

## NINTH AFFIRMATIVE DEFENSE

10.    Any conduct by Mallinckrodt, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

11.    At no time was Optimark® defective or unreasonably dangerous.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    Plaintiffs' claims are barred because Plaintiffs and Plaintiffs' Decedent were, or should have been, aware of the known risks associated with the use of Optimark®.

18

50954V1

1

## TWELFTH AFFIRMATIVE DEFENSE

2       13.    Plaintiffs' claims are barred because Mallinckrodt complied with all

3   applicable statutes and with the requirements and regulations of the FDA.

4

5

6

## THIRTEENTH AFFIRMATIVE DEFENSE

7       14.    Plaintiffs' claims are barred, in whole or in part, by the applicable

8   statutes of limitation including, but not limited to, the provisions of California Code of

9   Civil Procedure former section 340, subdivision (3), or California Code of Civil

10   Procedure sections 335.1, 340.5, 340.8, 343, and California Civil Code section 1783.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

12       15.    Plaintiffs' claims are barred, in whole or in part, by the equitable

13   doctrines of waiver, estoppel, release, good faith, and/or laches.

14

## FIFTEENTH AFFIRMATIVE DEFENSE

15       16.    Any verdict or judgment rendered against Mallinckrodt must be reduced

16   by those amounts that have been, or will, with reasonable certainty, replace or

17   indemnify the Plaintiffs or Plaintiffs' Decedent, in whole or in part, for any past or

18   future claimed economic loss, from any collateral source, including but not limited to,

19   insurance, social security, worker's compensation or employee benefit programs.

20

## SIXTEENTH AFFIRMATIVE DEFENSE

21       17.    Mallinckrodt is entitled to an offset of any prejudgment monies received

22   by Plaintiffs from any settling Defendant pursuant to California Code of Civil

23   Procedure section 877, subdivision (a).

24

## SEVENTEENTH AFFIRMATIVE DEFENSE

25       18.    The product made the subject of this action may not have been in

26   substantially the same condition as when it entered the stream of commerce. If

27   Plaintiffs or Plaintiffs' Decedent have been damaged, which Mallinckrodt denies, such

28

19

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

1  damages were caused by the unforeseeable alteration and/or misuse of the product at
2  issue and/or user error.

3  ### EIGHTEENTH AFFIRMATIVE DEFENSE

4      19.    Mallinckrodt denies that it concealed, suppressed or misrepresented any
5  material facts.

6  ### NINETEENTH AFFIRMATIVE DEFENSE

7      20.    Mallinckrodt denies that Plaintiffs or Plaintiffs' Decedent reasonably or
8  justifiably relied to their detriment on any alleged representation or other conduct by
9  Mallinckrodt.

10  ### TWENTIETH AFFIRMATIVE DEFENSE

11      21.    Mallinckrodt states that the Complaint is barred by intentional or
12  negligent spoliation of evidence.

13  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

14      22.    Plaintiffs or Plaintiffs' Decedent have failed to mitigate their alleged
15  damages and, therefore, any recovery should not include alleged damages that
16  Plaintiffs or Plaintiffs' Decedent could have avoided by reasonable care and diligence.

17  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

18      23.    Plaintiffs' or Plaintiffs' Decedent's damages, if any, were caused by an
19  inherent characteristic of the subject product, which is a generic aspect of the product,
20  that cannot be eliminated without substantially compromising the product's usefulness
21  or desirability.

22  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

23      24.    Plaintiffs' or Plaintiffs' Decedent's alleged injuries, if any, were not the
24  result of any act or omission on the part of Mallinckrodt, but exist by reason of
25  operation of nature or idiosyncratic or allergic reaction over which Mallinckrodt had
26  no control.

27  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28

20

50954V1

25.    Plaintiffs cannot establish that any reasonable alternative design would have rendered the product safer overall, and that the failure to adopt a reasonable alternative design rendered Optimark® not reasonably safe, in accordance with Section 2(b) of the Restatement (Third) of Torts: Products Liability.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.    Plaintiffs cannot establish that any reasonable alternative instructions or warnings concerning foreseeable risk of harm posed by Optimark® would have rendered the product safer overall, and that the failure to provide such alternative instructions or warnings rendered Optimark® not reasonably safe, in accordance with Section 2(c) of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

27.    Plaintiffs' claims for fraud are barred because Plaintiffs have failed to state such claims with particularity as required by Federal Rule of Civil Procedure 9(b).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28.    Plaintiffs' damages claim for non-economic losses is limited by the applicable governing doctrine.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29.    Plaintiffs' claims are barred for failure to join indispensable parties.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

30.    Plaintiffs' Complaint is an improper joinder and an improper accumulation of parties.

### THIRTIETH AFFIRMATIVE DEFENSE

31.    To the extent it is determined that Mallinckrodt contributed to Plaintiffs' or Plaintiffs' Decedent's damages, if any, Mallinckrodt specifically asserts the defense of comparative fault, as adopted in California.

50954V1

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

32.    Plaintiffs' claim for punitive damages fails to allege facts which meet the clear and convincing standards of proof required for an award of punitive damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

33.    Mallinckrodt states that it committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent; therefore, any award of punitive damages is barred.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

34.    Plaintiffs' claims for punitive damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and the Constitution of the State of California on grounds including, but not limited to, the following:

a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

22

50954V1

1       d)      The procedures pursuant to which punitive damages are awarded fail to

2   provide specific standards for the amount of the award of punitive damages which

3   thereby violates the Due Process Clause of the Fourteenth Amendment of the United

4   States Constitution;

5       e)      The procedures pursuant to which punitive damages are awarded result in

6   the imposition of different penalties for the same or similar acts, and thus violate the

7   Equal Protection Clause of the Fourteenth Amendment of the United States

8   Constitution;

9       f)      The procedures pursuant to which punitive damages are awarded permit

10  the imposition of punitive damages in excess of the maximum criminal fine for the

11  same or similar conduct, which thereby infringes upon the Due Process Clause of the

12  Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth

13  Amendment of the United States Constitution;

14      g)      The procedures pursuant to which punitive damages are awarded permit

15  the imposition of excessive fines in violation of the Eighth Amendment of the United

16  States Constitution;

17      h)      The award of punitive damages to the Plaintiffs in this action would

18  constitute a deprivation of property without due process of law;

19      i)      California law fails to provide adequate notice of the conduct that will

20  subject a defendant to punitive damages or adequate notice of the severity of the

21  penalty that may be imposed in the form of punitive damages; and

22      j)      California law permits the assessment and measure of punitive damages

23  to be based, in significant part, upon the wealth of the defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

24

25      35.     Plaintiffs' claim for punitive damages in this case cannot be sustained to

26  the extent it seeks to punish Mallinckrodt for alleged harm to non-parties and/or

27  persons who are not before the Court.  Imposition of punitive damages under such

28

23

50954VI

1  circumstances would violate Mallinckrodt's procedural and substantive due process
2  rights and equal protection rights under the Fifth and Fourteenth Amendments to the
3  United States Constitution and Mallinckrodt's due process and equal protection rights
4  under cognate provisions of the California Constitution, and would be improper under
5  the common law and public policies of the United States and State of California.
6  Further, with respect to any demand for punitive damages, Mallinckrodt specifically
7  incorporates by reference all standards of limitations regarding the determination and
8  enforceability of punitive damage awards which arise in the decisions of *BMW of*
9  *North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman*
10 *Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*,
11 538 U.S. 408, 123 S. Ct. 1513 (2003); and *Phillip Morris USA v. Williams*, 127 S. Ct.
12 1057 (2007).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

14     36.    If Plaintiffs or Plaintiffs' Decedent sustained damages, which
15 Mallinckrodt denies, the application of joint and several liability law violates
16 Mallinckrodt's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth
17 Amendments of the United States Constitution and the California Constitution in one
18 or more of the following respects:

19     a)    The application of joint and several liability is equivalent to the
20 imposition of an excessive fine or cruel and unusual punishment;

21     b)    The application of joint and several liability exposes defendant to
22 multiple punishments and fines for the same act;

23     c)    The application of joint and several liability discriminates against
24 Mallinckrodt in that Mallinckrodt may be held legally responsible for paying damage
25 awards entered against other Defendants depending solely on the status of material
26 wealth of various Defendants, thereby denying equal protection under the law;

24

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

1    d)    The application of joint and several liability without informing the jury of

2  the effect of joint and several liability violates the equal protection and substantive

3  and procedural due process requirements of both the California Constitution and the

4  United States Constitution; and

5    e)    The application of joint and several liability constitutes an impermissible

6  burden upon interstate commerce and otherwise violates Mallinckrodt's equal

7  protection and due process rights.

8              **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

9    37.    Plaintiffs' cause of action for allege violation of the California Consumer

10  Legal Remedies Act ("CLRA") is barred by Plaintiffs' failure to provide proper notice

11  as required by California Civil Code, section 1782(a)(1).

12             **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

13    38.    Plaintiffs' cause of action for alleged violation of the California

14  Consumer Legal Remedies Act ("CLRA") is barred because Plaintiffs failed to

15  comply with the affidavit requirement of California Civil Code, section 1780(c).

16             **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

17    39.    Plaintiffs' cause of action for alleged violation of the California

18  Consumer Legal Remedies Act ("CLRA") fails to state a claim against defendant to

19  the extent the CLRA is inapplicable to pharmaceutical products liability action.

20             **THIRTY-NINTH AFFIRMATIVE DEFENSE**

21    40.    Plaintiffs' cause of action for alleged violation of the California

22  Consumer Legal Remedies Action ("CLRA") is precluded by the defenses available

23  under California Civil Code, section 1784.

24             **FORTIETH AFFIRMATIVE DEFENSE**

25    41.    Mallinckrodt relies upon every defense available under the California law

26  of product liability.

27             **FORTY-FIRST AFFIRMATIVE DEFENSE**

28

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1

42.    Plaintiffs are not entitled to satisfaction under the consumer protection laws of California or any other state because Plaintiffs cannot satisfy the element of these statutes and because Plaintiffs lack standing to assert claims under these statutes.

### FORTY-SECOND AFFIRMATIVE DEFENSE

43.    While denying at all times that Plaintiffs have stated a valid claim under California consumer protection statutes, or the consumer protection statutes of any other state, to the extent such claims are found to exist, Mallinckrodt pleads all defenses available under those statutes and states that any such claims are limited by the provisions of the statutes.

### FORTY-THIRD AFFIRMATIVE DEFENSE

44.    Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute or law authorizing such fees.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

45.    The liability of Mallinckrodt, if any, in this action is subject to the limitations set forth in the Fair Responsibility Act of 1986 (Cal. Civ. Code, §§ 1431-1431.5).

### FORTY-FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiffs may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

47.    Plaintiffs' claims for equitable relief are barred because equitable relief is not available under any of the alleged causes of action.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

48.    Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate remedy at law.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

26

50954V1

49.    Plaintiffs are not entitled to the equitable relief requested in the Complaint because the hardship that would be imposed on Mallinckrodt by the relief is greatly disproportionate to any hardship that Plaintiffs might suffer in its absence.

## FORTY-NINTH AFFIRMATIVE DEFENSE

50.    Plaintiffs are not entitled to the equitable relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

## FIFTIETH AFFIRMATIVE DEFENSE

51.    Mallinckrodt incorporates the defenses of all others who are or may become parties to this action, as though fully set forth herein.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

52.    Mallinckrodt hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the course of discovery proceedings in this case and hereby reserves the right to amend this Answer to assert such defenses.  Additionally, Mallinckrodt reserves the right to assert additional applicable defenses if it is determined in the future that the law of another state applies to Plaintiffs' claims.

## JURY DEMAND

53.    Mallinckrodt hereby requests a jury trial as to all claims triable in this action.

//
//
//
//
//
//

27

50954V1

## **PRAYER FOR RELIEF**

WHEREFORE, Mallinckrodt prays for relief from judgment from Plaintiffs as follows:

        a.     Plaintiffs take nothing by reason of this Complaint;

        b.     Mallinckrodt recovers its costs and attorneys' fees incurred herein;

        c.     For such further and other relief as the Court deems proper.

Dated:  July 30, 2008               SHOOK, HARDY & BACON L.L.P.

By:_____/s/_____
                 Douglas W. Robinson
Attorneys for Defendant Mallinckrodt
Inc.

DEFENDANT MALLINCKRODT'S ANSWER
CASE NO. 3:08-CV-03441 (MEJ)

50954V1