Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com
lbrandenberg@lskg-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| LORRAINE ELLEN JOHNSON and ROBERT GARY STONDELL, individually, and as Successors in Interest to the Estate of DORIS LORRAINE STONDELL, Deceased,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; BAYER SCHERING PHARMA AG; GENERAL ELECTRIC COMPANY; GE HEALTHCARE AS; GE HEALTHCARE, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>                    Defendants. | Case No:  3:08-cv-03441-MMC<br><br><br>**PLAINTIFFS' MOTION FOR REMAND**<br><br><br>Date:          September 12, 2008<br>Time:          9:00 a.m.<br>Courtroom:   7, 19th Floor<br>Judge:         Maxine M. Chesney |

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2008, at 9:00 a.m., or as soon thereafter as the parties may be heard, at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 7, pursuant to 28 U.S.C. § 1447(c), plaintiffs will and hereby do move this Court for remand of the action to San Francisco Superior Court.

**STATEMENT OF ISSUES**

Plaintiffs seek a remand of this action to San Francisco Superior Court pursuant to 28 U.S.C. § 1447(c). GE Healthcare Inc. and General Electric ("Removing Defendants") removed on the basis of diversity. But, Plaintiffs are California residents as are two Defendants, McKesson Corporation ("McKesson") and Merry X-Ray Chemical Corporation ("Merry X-Ray"). Removing Defendants admit that McKesson and Merry X-Ray are California residents. Notice of Removal at ¶7(j-k). Thus, diversity jurisdiction does not exist unless Removing Defendants prove that McKesson and Merry X-Ray have been fraudulently joined.

To establish fraudulent joinder, Removing Defendants bear the burden of proving that Plaintiffs have no possibility of recovery, on ***any*** basis, against ***either*** McKesson or Merry X-Ray. The only argument set forth by Removing Defendants in support of fraudulent joinder is that Plaintiffs' claims are barred by the statute of limitations. However, Removing Defendants have disregarded the basic principle that the statute of limitations may be tolled by application of the discovery rule. They have also disregarded that Plaintiffs specifically pled that the discovery rule applies here. Complaint, ¶63-64. In short, if California's discovery rule for tolling the statute of limitations applies to this case, it must be remanded.

**RELEVANT FACTS**

Between the months of August and September 2005, Decedent Doris Stondell ("Decedent") received multiple gadolinium-based contrast agents ("GBCAs") injections. Shortly thereafter, she developed Nephrogenic Systemic Fibrosis ("NSF"). The disease progressed rapidly until it caused her death on December 27, 2005. Complaint, ¶ 42.

1     Plaintiffs filed suit in San Francisco Superior Court on June 6, 2008, less than one year after

2  they discovered an association between GBCAs and NSF.  Complaint, ¶63.  It is unlikely that any

3  consumer would know of a connection until September 12, 2007, the date on which the Removing

4  Defendants sent a letter to healthcare professionals informing them that the use of GBCAs "increases

5  the risk of the development of a serious medical condition called [NSF] in patients with acute or

6  chronic severe renal insufficiency."  Ex. A to Brandenberg Decl.; *see also* Complaint, ¶¶ 57 and 63.  In

7  fact, it would have been nearly impossible for a reasonable consumer to have discovered such a

8  connection until June 8, 2006, the day on which the FDA made the first public pronouncement that

9  there might be an association.  Ex. B to Brandenberg Decl.

### LEGAL ANALYSIS

11     Removing Defendants have the burden of establishing that Plaintiffs have *no possible claim*

12  against *either* of the two California defendants.  The presumption is against fraudulent joinder.  *Plute*

13  *v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  *Id.*  Defendants

14  asserting fraudulent joinder have a "heavy burden of persuasion."  Any disputed factual issues,

15  ambiguities in state law, or doubts arising from inartful, ambiguous or technically defective pleading

16  must be resolved in favor of remand.  *Id.*; see *also Maher v. Novatis Pharmaceuticals Corp.*, 2007

17  U.S. Dist. LEXIS 58984, *6 (Case No. 07852, S.D. Cal. 2007).

18     To remand this action to San Francisco Superior Court, this Court need only find that Plaintiffs

19  have one valid cause of action against either McKesson or Merry X-Ray.  *Plute*, 141 F. Supp. 2d at

20  1008; *Black v. Merck Company, Inc.*, 2004 U.S. Dist. LEXIS 29860, *6 (Case No. 038730 C.D. Cal.

21  2004); see also *Maher*, 2007 U.S. Dist. LEXIS 58984, **7-8 (Case No. 07852, S.D. Cal. 2007).  "The

22  party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the

23  defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it

24  brought against the non-diverse defendant."  *Gerber v. Bayer Corp.,* 2008 U.S. Dist. LEXIS 12174, *7

25  (Case No. 07-05928 N.D. Cal. 2008).

26

27     **A.  Plaintiffs' Claims are Timely.**

28

1    Removing Defendants' entire argument in support of fraudulent joinder lies in their assertion

2    that Plaintiffs' claims are time-barred.  Defendants are incorrect.

3    The statute of limitations for wrongful death is two years.  Cal. Code Civ. Proc. § 335.1.

4    Likewise, the statute of limitations for wrongful death actions based upon exposure to hazardous

5    material or toxic substance is two years.  Cal. Code Civ. Proc. §340.8.  Defendants are correct that the

6    decedent, Doris Stondell, died on December 27, 2005, and that this action was filed on June 6, 2008,

7    over two years later.  However, Defendants misconstrue the law and incorrectly argue that the statute

8    of limitations for wrongful death claims begins to run on the date of death.  In so doing, Defendants

9    ignore that Plaintiffs' have properly pled application of discovery rule, which tolls the statute of

10   limitations.

11   "An exception to the general rule for defining the accrual of a cause of action – indeed, the

12   most important one – is the discovery rule.  It may be expressed by the Legislature or implied by the

13   courts.  It postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover,

14   the cause of action." *Norgart v. The Upjohn Company*, 21 Cal. 4th 383, 397 (1999).  Under California

15   law, "a statute of limitations can be tolled by the discovery rule which delays the accrual of the date of

16   a cause of action until the plaintiff is aware of her injury and its negligence cause." *Gerber*, 2008 U.S.

17   Dist. LEXIS 12174 at *8.

18   The discovery rule applies to wrongful death actions based in negligence or product liability.

19   *Frederick v. Calbio Pharmaceuticals*, 89 Cal. App. 3d 49, 53-54 (1979).  A wrongful death action

20   brought by a plaintiff who is "blamelessly ignorant" is not barred by his delay in bringing suit.  *Id*.

21   In fact, applicability of the discovery rule in wrongful death actions has been codified in CCP

22   §340.8(b) as follows:

23   In an action for the wrongful death of any plaintiff's decedent,
     based upon exposure to a hazardous material or toxic substance,

24   the time for commencement of an action shall be no later than
     either:

25   (1)  two years from the date of the death of the plaintiff's

26   decedent or
     (2)  two years from the first date on which the plaintiff is

27   aware of, or reasonably should have become aware of, the physical

28   cause of the death and sufficient facts to put a reasonable person on

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

inquiry notice that the death was caused or contributed to by the wrongful act of another, **whichever occurs later**.

Cal. Code Civ. Pro § 340.8(b)(emphasis added).

The law is clear that the statute of limitations does not begin to run until **the plaintiff** knows, or reasonably should know, the cause of injury or death. The statute of limitations does not begin to run when some members of the public have a suspicion of wrongdoing, but only once the plaintiff has a suspicion of wrongdoing. *Nelson v. Indevus Pharmaceuticals*, 142 Cal. App. 4th 1202, 1206 (2006); <u>see also</u> *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

Plaintiffs pled applicability of the discovery rule in their Complaint. In particular, Plaintiffs pled as follows:

- It was not until September 2007 that Bayer, GE, Bracco and Mallinckrodt finally sent letters to healthcare providers warning them of the risk of NSF to kidney impaired individuals who received MRIs using gadolinium-based contrast agents.

- The nature of Decedent's injuries and damages . . . was not discovered, and through reasonable care and due diligence could not have been discovered, by Plaintiffs, until a time less than two years before the filing of this Complaint.

-  Under appropriate application of the discovery rule, Plaintiffs' suit was filed well within the applicable statutory limitations period.

Complaint, at ¶¶ 57, 63.

As alleged in Plaintiffs' Complaint, they were not aware of the link between GBCAs and NSF prior to September, 2007. Pursuant to the discovery rule, the statute of limitations did not being to run until at least September of 2007. Plaintiffs' Complaint, filed nine months later, was filed well within the two-year time limitation. Defendants assert no argument to the contrary.

**B. Defendants' Analysis of Case Law is Incorrect.**

Tellingly, the case law relied upon by Defendants supports Plaintiffs' position. Both *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998), and *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988), hold that the statute of limitations does not being to run until a plaintiff is aware, or should have been aware, of the cause of injury. Unlike Plaintiffs here, the plaintiffs in *Ritchey* and *Jolly* were aware of the cause of injury well before two years prior to filing suit. Ritchey filed suit in 1994, but was aware

of the defendants' wrongdoing as early as 1988 and no later than 1989. *Ritchey*, 139 F.3d at 1315. Likewise, the plaintiff in *Jolly* filed suit in 1981 but knew of defendant's wrongdoing by 1978. *Jolly*, 44 Cal. 3d at 1114.

Not surprisingly, Removing Defendants fail to mention they have already made this argument and lost. In *Gerber v. Bayer*, 2008 U.S. Dist. LEXIS 12174 (Case No. 07-05918 N.D. Cal. 2008), a related GBCA case pleading similar application of the discovery rule, the Court denied GE's statute of limitations argument and remanded the case to state court. In granting Plaintiffs' motion for remand, Judge White found that Defendants failed to meet their heavy burden of proving that Plaintiffs would be unable, upon amendment of their complaint, to show that the discovery rule does apply. *Id.* at *8. Here, the facts invoking application of the discovery rule have been pled in even more detail than they were in the *Gerber* case. Clearly, remand is appropriate.

At a minimum, Plaintiffs' Complaint presents the possibility that the discovery rule applies to toll the statute of limitations and that Plaintiffs' claims are timely. Defendants have failed to present **any** argument contrary to Plaintiffs' position. Even if Defendants had argued that Plaintiffs failed to plead facts necessary to invoke the discovery rule, Plaintiffs would still be entitled to remand. *Plute*, 141 F. Supp. 2d at 1008 (N.D. Cal. 2001) ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand."). Defendants have not met their heavy burden of persuasion. Remand must be granted.

## C. Defendants' Argument is Inconsistent With Its Own Pleading Choices.

Plaintiffs' filed their Complaint against all Defendants, including Removing Defendants, McKesson and Merry X-Ray on June 6, 2008. Any argument that Plaintiffs' claims are time-barred applies with equal strength to all Defendants. However, Removing Defendants chose to answer the complaint. If Plaintiffs claims were clearly time-barred, Removing Defendants would have demurred in state court or filed a 12(b)(6) motion here. Tellingly, McKesson and Merry X-Ray both also chose to answer Plaintiffs' Complaint and not to file demurrers or 12(b)(6) motions.

1

2                                    **CONCLUSION**

3          Removing Defendants did not and cannot establish that that the discovery rule does not apply

4   to toll Plaintiffs' claims against McKesson and Merry X-Ray.  Therefore, Removing Defendants have

5   failed to demonstrate that Plaintiffs fraudulently joined either of them.  Accordingly, diversity of

6   citizenship is lacking and the case must be remanded.

7

8   Dated:   August 8, 2008                     LEVIN SIMES KAISER & GORNICK LLP

9

10                                     By:   ___ s/ Lawrence J. Gornick _____
                                            Lawrence J. Gornick, Esq.
11                                          Debra DeCarli, Esq.
                                            Laura Brandenberg, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com
lbrandenberg@lskg-law.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| LORRAINE ELLEN JOHNSON and ROBERT GARY STONDELL, individually, and as Successors in Interest to the Estate of DORIS LORRAINE STONDELL, Deceased,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; BAYER SCHERING PHARMA AG; GENERAL ELECTRIC COMPANY; GE HEALTHCARE AS; GE HEALTHCARE, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>          Defendants. | Case No:  3:08-cv-03441-MMC<br><br><br>**DECLARATION OF LAURA M. BRANDENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**<br><br><br>Date:          September 12, 2008<br>Time:          9:00 a.m.<br>Courtroom:  7, 19th Floor<br>Judge:         Maxine M. Chesney |

I, Laura M. Brandenberg, declare as follows:

1)      I am licensed to practice before this Court and an associate in the law firm of Levin Simes Kaiser & Gornick LLP, attorneys of record for Plaintiffs in this matter.  I have personal knowledge of the facts set forth below, and would and could competently testify to each of them if called upon to do so.

2)       I obtained the September 12, 2007 warning letter sent by Defendants G.E. and Bayer to Healthcare Professionals from the FDA website.  A true and correct copy of the letter is attached hereto as Exhibit A.

3)       I obtained the June 8, 2006 Public Health Advisory, "Gadolinium-containing Contrast Agents for Magnetic Resonance Imaging (MRI): Omniscan, OptiMARK, Magnevist, ProHance, and MultiHance" from the FDA website.  A true and correct copy of this Public Health Advisory is attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of August, 2008, in San Francisco, CA.

s/ Laura M. Brandenberg____
Laura M. Brandenberg, Esq.

DECLARATION OF LAURA M. BRANDENBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND

# EXHIBIT A

 Bayer HealthCare
Pharmaceuticals



GE Healthcare





# Important Drug Warning for Gadolinium-Based Contrast Agents

**Magnevist®** (gadopentetate dimeglumine) Injection

**MultiHance®** (gadobenate dimeglumine) injection, 529 mg/mL

**Omniscan™** (gadodiamide) Injection

**OptiMARK®** (gadoversetamide) Injection

**ProHance®** (Gadoteridol) Injection, 279.3 mg/mL

September 12, 2007

Dear Healthcare Professional,

The manufacturers of gadolinium-based contrast agents would like to inform you of important revisions to the prescribing information for the products listed in alphabetical order above. Gadolinium-based contrast agents are approved by the U.S. Food and Drug Administration (FDA) for use in magnetic resonance imaging (MRI).

Post-marketing reports show that the use of these agents increases the risk of the development of a serious medical condition called Nephrogenic Systemic Fibrosis (NSF), in patients with acute or chronic severe renal insufficiency (glomerular filtration rate <30mL/min/1.73m$^2$) and patients with renal dysfunction due to the hepato-renal syndrome or in the perioperative liver transplantation period.

NSF leads to excessive formation of connective tissue in the skin and internal organs. NSF is progressive and may be debilitating or fatal. As of today, the FDA has received reports of over 250 cases of NSF after administration of gadolinium-based contrast agents.

As a result of these NSF cases, the package inserts of all gadolinium-based contrast agents have been revised to include the following Boxed Warning and update to the WARNINGS section.

**BOXED WARNING:**

<div style="border:1px solid">

**WARNING: NEPHROGENIC SYSTEMIC FIBROSIS**

Gadolinium-based contrast agents increase the risk for nephrogenic systemic fibrosis (NSF) in patients with:

- acute or chronic severe renal insufficiency (glomerular filtration rate <30mL/min/1.73m$^2$), or
- acute renal insufficiency of any severity due to the hepato-renal syndrome or in the perioperative liver transplantation period.

In these patients, avoid use of gadolinium-based contrast agents unless the diagnostic information is essential and not available with non-contrast enhanced magnetic resonance imaging (MRI). NSF may result in fatal or debilitating systemic fibrosis affecting the skin, muscle and internal organs. Screen all patients for renal dysfunction by obtaining a history and/or laboratory tests. When administering a gadolinium-based contrast agent, do not exceed the recommended dose and allow a sufficient period of time for elimination of the agent from the body prior to any readministration (See WARNINGS).

</div>

**WARNING:**

**Nephrogenic Systemic Fibrosis (NSF)**

Gadolinium-based contrast agents increase the risk for nephrogenic systemic fibrosis (NSF) in patients with acute or chronic severe renal insufficiency (glomerular filtration rate <30mL/min/1.73m$^2$) and in patients with acute renal insufficiency of any severity due to the hepato-renal syndrome or in the perioperative liver transplantation period. In these patients, avoid use of gadolinium-based contrast agents unless the diagnostic information is essential and not available with non-contrast enhanced MRI. For patients receiving hemodialysis, physicians may consider the prompt initiation of hemodialysis following the administration of a gadolinium-based contrast agent in order to enhance the contrast agent's elimination. The usefulness of hemodialysis in the prevention of NSF is unknown.

Among the factors that may increase the risk for NSF are repeated or higher than recommended doses of a gadolinium-based contrast agent and the degree of renal function impairment at the time of exposure.

Post-marketing reports have identified the development of NSF following single and multiple administrations of gadolinium-based contrast agents. These reports have not always identified a specific agent. Where a specific agent was identified, the most commonly reported agent was gadodiamide (Omniscan™), followed by gadopentetate dimeglumine (Magnevist®), and gadoversetamide (OptiMARK®). NSF has also developed following sequential administrations of gadodiamide with gadobenate dimeglumine (MultiHance®) and gadoteridol (ProHance®.) The number of post-marketing reports is subject to change over time and may not reflect the true proportion of cases associated with any specific gadolinium-based contrast agent.

The extent of risk for NSF following exposure to any specific gadolinium-based contrast agent is unknown and may vary among the agents. Published reports are limited and predominantly estimate NSF risks with gadodiamide. In one retrospective study of 370 patients with severe renal insufficiency who received gadodiamide, the estimated risk for

development of NSF was 4% (J Am Soc Nephrol 2006;17:2359).  The risk, if any, for the
development of NSF among patients with mild to moderate renal insufficiency or normal
renal function is unknown.

Screen all patients for renal dysfunction by obtaining a history and/or laboratory tests.
When administering a gadolinium-based contrast agent, do not exceed the recommended
dose and allow a sufficient period of time for elimination of the agent prior to any
readministration.  (See CLINICAL PHARMACOLOGY and DOSAGE AND
ADMINISTRATION).

**Further Information**
The complete prescribing information for Magnevist®, MultiHance®, Omniscan™,
OptiMARK® and ProHance®, as revised, is enclosed.  The package inserts for the Magnevist®,
MultiHance®, OptiMARK® and ProHance® pharmacy bulk packages have not been included in
this mailing.  These pharmacy bulk package inserts contain the same new safety information as
the package inserts for these products.  If you require further information regarding any of these
products, information is available on the manufacturer's website or by calling the manufacturer's
product information telephone number, as indicated below.

| Product | Sponsor | Phone | Web |
|---------|---------|-------|-----|
| Magnevist | Bayer HealthCare Pharmaceuticals Inc. | 1-888-842-2937 (option 4) | www.imaging.bayerhealthcare.com |
| MultiHance | Bracco Diagnostics Inc. | 1-800-257-5181 (option 2) | www.bracco.com |
| Omniscan | GE Healthcare | 1-800-654-0118 (option 2) | www.amershamhealth-us.com/omniscan |
| OptiMARK | Mallinckrodt Inc. | 1-888-744-1414 (option 2) | www.imaging.mallinckrodt.com |
| ProHance | Bracco Diagnostics Inc. | 1-800-257-5181 (option 2) | www.bracco.com |

Additional information on NSF is available from the FDA website
(http://www.fda.gov/cder/drug/infopage/gcca/qa_200705.htm).

We are working with the FDA and other regulatory authorities worldwide to learn more about
the occurrence of this disease after the administration of gadolinium-based contrast agents.  We
urge healthcare professionals to report adverse event information to the respective manufacturer
of the product suspected of the adverse event, as indicated below:

| Product | Sponsor | Phone |
|---------|---------|-------|
| Magnevist | Bayer HealthCare Pharmaceuticals Inc. | 1-888-842-2937 (option 1) |
| MultiHance | Bracco Diagnostics Inc. | 1-800-257-5181 (option 1) |
| Omniscan | GE Healthcare | 1-800-654-0118 (option 2) |
| OptiMARK | Mallinckrodt Inc. | 1-888-744-1414 (option 2) |
| ProHance | Bracco Diagnostics Inc. | 1-800-257-5181 (option 1) |

Also, healthcare professionals may report adverse event information to the FDA's MedWatch program by phone (1-800-FDA-1088); on line (https://www.accessdata.fda.gov/scripts/medwatch); or by downloading Form 3500 at http://www.fda.gov/medwatch/getforms.htm and sending it to MedWatch by fax (1-800-FDA-0178) or by mail (5600 Fishers Lane, Rockville, MD 20852-9787).

Sincerely,

Bayer HealthCare Pharmaceuticals Inc.

E. Paul MacCarthy, M.D.
Vice President, Head U.S. Medical Affairs

Bracco Diagnostics Inc.

Alberto Spinazzi, M.D.
Senior Vice President, Group
Medical and Regulatory Affairs

GE Healthcare

Larry Bell, M.D.
Vice President, Global Head of
Regulatory and Pharmacovigilance

Mallinckrodt Inc.

Herbert Neuman, M.D.
Vice President, Clinical and
Regulatory Affairs

# EXHIBIT B

 **U.S. Food and Drug Administration**  Department of Health and Human Services

### CENTER FOR DRUG EVALUATION AND RESEARCH

FDA Home Page | CDER Home Page | CDER Site Info | Contact CDER | What's New @ CDER

| CDER Home | About CDER | Drug Information | Regulatory Guidance | CDER Calendar | Specific Audiences | CDER Archives |

**Search** [GO] powered by Google™

## Public Health Advisory
### Gadolinium-containing Contrast Agents for Magnetic Resonance Imaging (MRI):
### Omniscan, OptiMARK, Magnevist, ProHance, and MultiHance

> **This information is not current.**
> **The FDA has issued new information about this safety issue, please see**
> **http://www.fda.gov/cder/drug/infopage/gcca/default.htm**

The FDA is evaluating important safety information about gadolinium-containing contrast agents and a disease known as Nephrogenic Systemic Fibrosis or Nephrogenic Fibrosing Dermopathy (NSF/NFD) that occurs in patients with kidney failure. New reports have identified a possible link between NSF/NFD and exposure to gadolinium containing contrast agents used at high doses for a procedure called Magnetic Resonance Angiography (MRA). An MRA test uses magnetic resonance imaging to take pictures of blood vessels. During an MRA test, a drug known as a gadolinium-contrast agent is injected into a patient's vein so blood vessels can be distinguished from other nearby tissues.

The FDA has learned of 25 cases of NSF/NFD in patients with kidney failure who received Omniscan®, a gadolinium-containing contrast agent, and took the MRA test. The FDA is actively investigating whether exposure to a gadolinium-contrast agent for MRA is associated with the development of NSF/NFD. While FDA conducts its investigation, the following recommendations are being provided to health care providers and patients:

- Gadolinium-containing contrast agents, especially at high doses, should be used only if clearly necessary in patients with advanced kidney failure (those currently requiring dialysis or with a Glomerular Filtration Rate (GFR) = 15 cc/min or less).
- It may be prudent to institute prompt dialysis in patients with advanced kidney dysfunction who receive a gadolinium contrast MRA. Although there are no data to determine the utility of dialysis to prevent or treat NSF/NSD in patients with decreased kidney function, average excretory rates of gadolinium are 78%, 96%, and 99% in the first to third hemodialysis sessions, respectively (Okada, et al, Acta Radiologica, vol 42 p. 339, May 2001).

Five gadolinium-containing contrast agents are FDA-approved for use during magnetic resonance imaging (MRI), a test that can look at internal body organs and tissues. The trade names of the U.S. approved gadolinium-containing contrast agents are: Omniscan, OptiMARK, Magnevist,

ProHance, and  MultiHance. None of these drugs are FDA approved for MRA. The dose of gadolinium-containing contrast agent given to patients undergoing an MRA test is often higher (up to three times) than the approved dose for MRI.

NSF/NFD appears to occur in patients with kidney failure along with high levels of acid in body fluids a condition known as acidosis that is common in patients with kidney failure. Patients with NSF/NFD have tight and rigid skin making it difficult to bend joints. NSF/NFD may also result in fibrosis, or scarring, of body organs resulting in the inability of body organs to work properly and can lead to death. Diagnosis of NSF/NFD is done by looking at a sample of skin under a microscope.

Scientists first identified NSF/NFD in 1997 and the cause of NSF/NFD is unknown. Worldwide, there are approximately 200 reports of NSF/NFD.

The 25 cases of NSF/NFD were reported on May 29, 2006, by the Danish Medicines Agency. Among these, 20 cases occurred in Denmark and five cases occurred in Austria. The patients developed NSF/SFD within 3 months (range 2 weeks to 3 months) after receiving the gadolinium-containing contrast agent. The five patients from Austria are described in a publication: Grobner T. Gadolinium – a specific trigger for the development of nephrogenic fibrosing dermopathy and nephrogenic systemic fibrosis Nephrol dial Transplant. 21(4):1104-8.

The FDA has not yet determined whether exposure by patients with kidney failure to gadolinium-containing contrast agents during an MRA test causes NSF/NFD. The FDA is gathering additional information about NSF/NFD and investigating whether other patients who received gadolinium-containing contrast agents developed NSF/NFD.

The FDA urges health care providers and patients to report adverse event information to the FDA via the MedWatch program by phone (1-800-FDA-1088), by fax (1-800-FDA-0178), or by the Internet at http://www.fda.gov/medwatch/index.html.

**↑** Back to Top    **↖** Gadolinium-Containing Contrast Agents

Date created: June 8, 2006, updated May 23, 2007

CDER Home Page | CDER Site Info | Contact CDER | What's New @ CDER
FDA Home Page | Search FDA Site | FDA A-Z Index | Contact FDA | Privacy | Accessibility | HHS Home Page

FDA/Center for Drug Evaluation and Research

http://www.fda.gov/cder/drug/advisory/gadolinium_agents.htm                7/29/2008

Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com
lbrandenberg@lskg-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| LORRAINE ELLEN JOHNSON and ROBERT GARY STONDELL, individually, and as Successors in Interest to the Estate of DORIS LORRAINE STONDELL, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; BAYER SCHERING PHARMA AG; GENERAL ELECTRIC COMPANY; GE HEALTHCARE AS; GE HEALTHCARE, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35 <br><br> Defendants. | Case No:  3:08-cv-03441-MMC <br><br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** <br><br><br> Date:          September 12, 2008 <br> Time:          9:00 a.m. <br> Courtroom:  7, 19th Floor <br> Judge:         Maxine M. Chesney |

Having considered the submissions of the parties on Plaintiffs' Motion for Remand pursuant to 28 U.S.C. 1447(c):

The Court finds that the discovery rule applies to toll Plaintiffs' claims against McKesson Corporation and Merry X-Ray Chemical Corporation.  Thus, the Removing Defendants have failed to demonstrate that Plaintiffs fraudulently joined either McKesson or Merry X-Ray.  Therefore, the Court

1   finds that there is not complete diversity of citizenship among the parties.  Plaintiffs' motion is

2   GRANTED and the case is REMANDED to San Francisco Superior Court.

3          IT IS SO ORDERED.

4

5

6   Dated: _____          _____

7                                        HONORABLE MAXINE M. CHESNEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND



1    Lawrence J. Gornick (SBN 136290)
     Debra DeCarli (SBN 237642)
2    Laura Brandenberg (SBN 238642)
     **LEVIN SIMES KAISER & GORNICK LLP**
3    44 Montgomery Street, 36th Floor
     San Francisco, CA 94104
4    Telephone: (415) 646-7160
     Fax: (415) 981-1270
5    lgornick@lskg-law.com
     ddecarli@lskg-law.com
6    lbrandenberg@lskg-law.com

7    Attorneys for Plaintiffs

8

9                    **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

11   LORRAINE ELLEN JOHNSON and ROBERT        Case No: 3:08-cv-03441-MMC
     GARY STONDELL, individually, and as
12   Successors in Interest to the Estate of DORIS
     LORRAINE STONDELL, Deceased,
13
                     Plaintiffs,              **PROOF OF SERVICE**
14           vs.

15   BAYER HEALTHCARE
     PHARMACEUTICALS, INC.; BAYER
16   HEALTHCARE LLC; BAYER SCHERING
     PHARMA AG; GENERAL ELECTRIC
17   COMPANY; GE HEALTHCARE AS; GE
     HEALTHCARE, INC.; MALLINCKRODT,
18   INC.; BRACCO DIAGNOSTICS, INC.;
     McKESSON CORPORATION; MERRY X-
19   RAY CHEMICAL CORP.; and DOES 1
     through 35
20
                     Defendants.
21

22

23   //

24   //

25   //

26   //

27   //

28
                              - 1 -

**PROOF OF SERVICE**

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

**PLAINTIFFS' MOTION FOR REMAND;**
**DECLARATION OF LAURA BRANDENBERG IN SUPPORT OF MOTION TO REMAND;**
**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**

Service was effectuated to the parties listed below by forwarding the above-noted document in the following manner:

 __XXX_ **Via ECF**

 __XXX_ **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes Kaiser & Gornick.

 _____**By Electronic Mail**

 _____**By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of Levin Simes Kaiser & Gornick.

 _____**By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes Kaiser & Gornick.

 _____**By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

| | |
|---|---|
| Kenneth Conour, Esq.<br>Rodney M. Hudson, Esq.<br>Drinker Biddle & Reath, LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105<br>Tel:    415-591-7500<br>Fax:    415-591-7510<br>***Attorneys for Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc.*** | Michael C. Zellers, Esq.<br>Aggie B. Lee, Esq.<br>Tucker Ellis & West LLP<br>515 S. Flower Street, 42nd Floor<br>Los Angeles, CA 90071<br>Tel:    213-430-3400<br>Fax:    213-430-3409<br>***Attorneys for Bracco Diagnostics, Inc.*** |
| Lane E. Webb, Esq.<br>Alan Greenberg, Esq.<br>Peter J. Burfening, Esq.<br>Wilson Elser Moskowitz Delman & Dicker<br>655 West Broadway, Suite 900<br>San Diego, CA 92101<br>Tel:    619-321-6200<br>Fax:    619-434-1370<br>***Attorneys for Merry X-Ray Chemical Corp.*** | Christine Starkie, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105<br>Tel:    415-433-0990<br>Fax:    415-434-1370<br>***Attorneys for Merry X-Ray Chemical Corp.*** |

1

2

| | |
|---|---|
| Deborah C. Prosser, Esq.<br>Stephanie Hingle, Esq.<br>Kutak Rock LLP<br>515 South Figueroa Blvd., Suite 1240<br>Los Angeles, CA 90071<br>Tel.:    213-312-4000<br>Fax:    213-312-4001<br>**Attorneys for General Electric Company and GE Healthcare, Inc** | Habib Nasrullah, Esq.<br>Galen D. Bellamy, Esq.<br>Renee A. Carmody, Esq.<br>Wheeler Trigg Kennedy LLP<br>1801 California Street, Suite 3600<br>Denver, CO 80202<br>Tel:    303-244-1800<br>Fax:    303- 244-1879<br>**Attorneys for McKesson Corporation** |
| Charles Sheldon, Esq.<br>Michael L. Fox, Esq.<br>Sedgwick, Detert, Moran & Arnold<br>One Market Plaza, 18th Floor<br>San Francisco, CA 94105<br>Tel:    415-781-7900<br>Fax:    415-781-2635<br>**Attorneys for McKesson Corporation** | Douglas Robinson, Esq.<br>Shook, Hardy & Bacon LLP<br>5 Park Plaza, Suite 1600<br>Irvine, CA 92614<br>Tel:    949-475-1500<br>Fax:    949-475-0016<br>**Attorneys for Mallinckrodt, Inc.** |
| Mike Moeller, Esq.<br>Shook Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>Tel:    816-474-6550<br>Fax:    816-421-5547<br>**Attorneys for Mallinckrodt, Inc.** | |

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of August 2008 at San Francisco, California.

J.C. Luske

PROOF OF SERVICE